# SULLIVAN,

## JULY TERM, A. D. 1859.

---

## DAVIS *v.* CLARK.

In trespass, for an assault and battery, brought in the court of Common Pleas, in which the plaintiff recovered a verdict in that court for $13.33, and on his appeal to this court, for more than that sum, his costs accruing in the court below are not to be limited, under the provisions of section 4, chapter 191 of the Revised Statutes, to the amount of damages recovered, nor the whole costs, under the provisions of section 7 of the act of July 14, 1855, remodeling the judiciary, to the increase of the latter verdict over the former.

TRESPASS, for an assault and battery, originally brought in the Common Pleas. The plaintiff recovered a verdict in that court for $13.33 damages, and upon his appeal to this court, and a trial therein, he recovered $33.33. The defendant moved that the costs be limited.

*Morse*, for the defendant, relied upon sec. 4, ch. 191, of the Revised Statutes, and contended that the object of the legislature in that enactment and in the provisions on the subject of costs, enacted in the statute for remodeling the judiciary, of July 14, 1855, was to leave the costs accruing in the court of Common Pleas to be restricted or not, according to the amount of the verdict in that court.

*Burke & Waite*, for the plaintiff.

1. By the appeal, the judgment in the Common Pleas is

vacated, and this court is no more bound by the verdict and judgment in that court, for the purpose of fixing the costs, than for any other purpose. The spirit of the statute is, that costs are to be limited in cases of assault and battery, where it is shown by the result that the action ought to have been brought before a justice of the peace. By the verdict in this court, it is shown that the action was properly brought in the Common Pleas. The statute does not in terms declare in what court the damages shall be recovered, exceeding $13.33, in order to entitle the plaintiff to full costs, but it must be understood to be the court where the final recovery is had. This is not a case for limiting the costs, within the statute, and full costs are to be allowed, except so far as the costs of the appeal may be required to be restricted by the provisions of the act remodeling the judiciary, which limits the costs of appeal only to the increase of the damages.

2. By sec. 40 of the act remodeling the judiciary, it is provided that all laws heretofore passed, whose provisions —those things being changed which should be changed— are consistent with the act, shall be taken to be in force, &c. The only remedy to the plaintiff for an error in the trial below was by appeal. On the appeal he is entitled to recover the same costs as he would have been entitled to before the change in the judiciary, if, on exceptions, the verdict for $13.33 had been set aside, and on the new trial he had recovered more than that sum ; or if, without exceptions, he had recovered more upon review. In either of these cases he would have been entitled to full costs of the first trial. *Avery* v. *Holmes,* 10 N. H. 574.

SAWYER, J. The general provision of the statute regulating the plaintiff's costs in suits of this character, is the following: "No more costs than damages shall be recovered in any action commenced in the court of Common Pleas for assault and battery, unless the damages recov-

ered shall exceed thirteen dollars and thirty-three cents."
Revised Statutes, ch. 191, sec. 4. This act was passed
prior to the recent change in the organization of the courts,
and when the Common Pleas was the only tribunal of
higher authority than courts of justices of the peace, for
the trial of causes according to the course of the common
law. There can be no doubt, however, that the provision
of section 40 of the act of 1855, remodeling the judiciary,
which declares that all laws whose provisions—those things
being changed which should be changed—are consistent
with the act, shall apply to the courts created by it, and to
the proceedings in them, would give application of this
provision of the Revised Statutes to the court of Common
Pleas and Supreme Judicial Court, as now established.

If necessary, in order to carry out the policy of the stat-
ute, and to render it consistent with other statutory pro-
visions, the phrase, " damages recovered," as used in this
section, may be construed to mean either the damages
rendered in the verdict, or assessed by the court, whatever
subsequent proceedings may be had by way of appeal or
upon exceptions allowed; or it may be held to mean the
damages to which the plaintiff is ultimately found to be
entitled, upon appeal, or other proceedings of the last re-
sort. The latter is the construction to be adopted. The
object of the enactment is obviously to discourage suits in
the higher courts for assaults of a trivial character, for
which suitable damages may be awarded in a magistrate's
court. But whether a suit brought in the higher court is
or not of that character, is to be determined only when
the damages, being assessed, no further proceedings are to
be had for a new assessment, which is to supersede the old.
When exceptions are allowed, or an appeal taken and the
proceedings thereon have resulted in a new award of dam-
ages of greater or less amount than those before rendered,
the former finding must be held to have been erroneous,
and as such to furnish no test of the character of the suit,

Davis v. Clark.

as one within the protection or condemnation of the statute in reference to costs. The new finding, upon proceedings given by law for the purpose of correcting the errors of the old, can alone be looked to for determining whether the plaintiff is entitled only to such trifling damages that he ought to have brought his action before a justice of the peace, or whether his damages were of sufficient importance to justify his bringing the suit in the higher court.

This construction may well be maintained in considering this in connection with other statutory provisions on the subject of costs. The general rule, recognized by the various statutes in all cases is, that the prevailing party is to recover his costs, subject, however, in certain cases, to be limited as to their amount, on special grounds existing in such cases for restricting them. Section 7 of the act to remodel the judiciary declares that if the plaintiff in a suit in the Common Pleas shall appeal, and shall increase his damages, he shall recover costs of the appeal, not exceeding the amount of the increase; and if he shall not increase the damages, he shall pay the costs of the appeal, and recover none. So of the defendant; if, on his appeal, he shall reduce the damages, he shall recover the costs of appeal, not exceeding the reduction; and if he shall not reduce the damages, he shall pay costs. These provisions in effect merely declare who is the prevailing party as to the appeal, and limit the costs of that party in the particular cases specified, so far as relates to the costs of the appeal, but without referring to the costs which have accrued prior to the appeal. They are left untouched, by the provisions of this section, as incident to the suit in the court below prior to the appeal, and to be regulated by other statutory provisions applicable to the case. These are the general provisions (sec. 1, ch. 191, of the Revised Statutes) that costs shall follow the event of every action, and the limitations and modifications of this general rule, as declared in the other sections of that chapter, among

which is that contained in section 4, limiting the amount of costs to the damages recovered, unless they shall exceed $13.33. When a plaintiff appeals and recovers in the Supreme Court to any amount, he is the prevailing party as to the suit generally, though he may be the losing party as to the appeal under the statute by which that is regulated. As the general prevailing party, he is entitled to his full costs from the beginning, unless they are to be limited under section 4, because he has ultimately recovered less than $13.33; or under section 7 of the judiciary act, because he has not increased his damages on appeal, or has not increased them to such extent as to cover his whole costs of the appeal. The former limitation, under section 4, applies indifferently to all the costs; those which accrued prior as well as subsequent to the appeal; while the latter limitations, under section 7 of the judiciary act, apply exclusively to the costs of the appeal.

Under the general provision, the costs accruing, whether before or after the appeal, are to be recovered by the plaintiff as the prevailing party. This general rule is modified as to all the costs, both those accruing before and after the appeal, in case he ultimately recovers no more damages than $13.33, by limiting his entire costs to the amount of damages. It is further modified as to the costs of appeal alone, in case he does not increase his damages, by denying to him costs of the appeal, and subjecting him to the payment of his adversary's costs of appeal, and in case he increases the damages by limiting the costs of appeal to be recovered by him to the amount of the increase.

In this case the plaintiff ultimately recovered more than $13.33. The action is thus shown to have been properly brought in the Common Pleas. The costs are not, therefore, to be limited under the provisions of section 4, although the recovery in that court was for less than $13.33, as on the appeal the plaintiff has shown that this was erroneous. Exceptions overruled, and

*Full costs in the court below allowed.*